

## OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

State Board of Education
Attention: Honorable Matt Graham
Traveling Auditor
Capitol Building
Austin, Texas

Gentlemen:

Opinion No. 0-6840
Re: Are Stonewall County
Courthouse and Jail
Refunding Bonds callable
under Article 725, Revised
Civil Statutes, 1925.

Your recent communication to this Department reads as follows:

"At its meeting on September 10th, there was submitted for consideration of the State Board of Education the following Notice of Call for Redemption of bonds now held for the account of the State Permanent School Fund:

"STONEWALL COUNTY, TEXAS, COURTHOUSE AND JAIL FUNDING BONDS dated February 1, 1937, bearing 4% interest per annum, maturing serially on April 10, 1946, to 1957, inclusive, and being all bonds now outstanding of said issue, aggregating $56,000.

"Following the instruction of the Board, I desire to request your opinion on the following question:

"Are the above-described STONEWALL COUNTY, TEXAS, COURTHOUSE AND JAIL FUNDING BONDS callable under the provisions of Article 725, Revised Statutes of Texas, 1925?"

These refunding bonds of 1937 were issued under the provisions of Article 725, Revised Civil Statutes, 1925. Said article is a part of Chapter 2, Title 22, Revised Civil Statutes, 1925. So is Article 720, Revised Civil Statutes, 1925, which reads as follows:

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

"All bonds issued under this chapter shall run
not exceeding forty years, and may be redeemable
at the pleasure of the county at any time after
five years after the issuance of the bonds, or
after any period not exceeding ten years, which
may be fixed by the commissioners court."

Article 725, aforesaid reads as follows:

"Where bonds have been legally issued, or may be
hereafter issued for any purpose authorized in this
chapter, new bonds in lieu thereof bearing the same
or a lower rate of interest may be issued, in con-
formity with existing law, and the commissioners
court may issue such bonds to mature serially or
otherwise, not to exceed forty years from their date."

Our State Supreme Court held in the case of Cochran County
v. Mann, 172 S. W. (2d) 689, that all bonds issued under Chapter 2,
Title 22, Revised Civil Statutes, 1925, are subject to the provisions
of said Article 720. Said case also held that "if at the time the
bonds are issued the commissioners court does not evidence its elec-
tion as to when the bonds may be redeemed, they automatically become
redeemable at any time after five years after the issuance thereof.
But the commissioners' court, if it elects, may postpone the date after
which the bonds may be redeemed to not exceeding ten years from the
date of their issuance." (Quotations are from the Supreme Court case
of Bexar County v. Sellers, Attorney General, 178 S. W. (2d) 505).

In said Bexar County case, the Court further held that
since Article 725 is a part of the same chapter containing Article
720, all refunding bonds issued by virtue of Article 725, are subject
to the provisions of Article 720.

We have examined the bond record in the State Comptroller's
Office covering the bonds involved in your inquiry. Our examination
reveals that the Commissioners' Court of Stonewall County failed to
elect to postpone the date after which said bonds may be redeemed to
not exceeding ten years from the date of their issuance. Consequently,

State Board of Education, page 3

as all unliquidated bonds of the 1937 issue are now outstanding for more than five years after their issuance, same are now redeemable at the pleasure of the county.

　　　　We also enclose for your information in this connection, a copy of our former Opinion No. O-5879.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By      L. H. Flewellen

L. H. Flewellen
Assistant

LHF:EP



APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN